KATTEN MUCHIN ROSENMAN LLP
David A. Kettel, SBN 125745
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471
Email: david.kettel@kattenlaw.com

Attorneys for Defendant RAMIN BIBIAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RAMIN BIBIAN, Defendant. | CASE NO.: CR 12-00617-RS<br><br>STIPULATION AND [PROPOSED] ORDER CONTINUING STATUS CONFERENCE FROM DECEMBER 4, 2012 TO DECEMBER 11, 2012 AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

Defendant Ramin Bibian ("Bibian"), by and through his attorney of record David A. Kettel, and Plaintiff United States of America, by and through its attorney of record Assistant United States Attorney Susan Knight, hereby stipulate as follows:

1.  The indictment in this case was returned on August 16, 2012. (Dkt. No. 1).

2.  Bibian made his initial appearance in this district on September 12, 2012, at which time the Honorable Jacqueline Scott Corley, United States Magistrate Judge, scheduled this matter for a status conference on September 25, 2012 before the Honorable Richard Seeborg, United States District Court Judge. (Dkt. No. 4). At the same hearing, Judge Corley ordered that the time from September 12, 2012 to September 25, 2012 was excludable under the Speedy Trial Act. (Dkt. No. 5).

1
STIPULATION AND [PROPOSED] ORDER

3.      At the status conference on September 25, 2012, Judge Seeborg ordered that another status conference be set for November 13, 2012 to allow the government to fulfill its discovery obligations and Bibian and his attorneys to review the discovery. (Dkt. No. 7). Judge Seeborg also ordered that the time from September 25, 2012 to November 13, 2012 was excludable under the Speedy Trial Act. (Dkt. No. 10).

4.      At the November 13, 2012 status conference, Bibian's counsel requested that the matter be scheduled for either a change of plea or a trial setting hearing on December 4, 2012, and that the time from November 13, 2012 through December 4, 2012 be deemed excludable under the Speedy Trial Act in order to allow Bibian and his counsel to complete their review of voluminous discovery produced by the government. Accordingly, Judge Seeborg scheduled this matter for a change of plea hearing on December 4, 2012, and also held that the time from November 13, 2012 through December 4, 2012 was excludable under the Speedy Trial Act. (Dkt. Nos. 12-14).

5.      Bibian and his counsel continue to review the voluminous discovery produced by the government, and counsel for both Bibian and the government are engaged in productive discussions regarding a resolution of this matter. However, Bibian's counsel requires additional time to complete their review of the discovery in order to counsel Bibian on a potential resolution of this matter. Accordingly, Bibian requests that the change of plea hearing be continued from December 4, 2012 to December 11, 2012, and that the time from December 4, 2012 through December 11, 2012 be excluded under the Speedy Trial Act.

6.      The government does not object to a continuance of the change of plea hearing to December 11, 2012 and an exclusion of time, under the Speedy Trial Act, through December 11, 2012.

For the foregoing reasons, the parties hereby stipulate and request that the Court continue the change of plea hearing in this matter from December 4, 2012 to December 11, 2012, and that the time from December 4, 2012 through December 11, 2012 be excluded under the Speedy Trial Act.

IT IS SO STIPULATED.

Dated:  November 29, 2012         **KATTEN MUCHIN ROSENMAN LLP**


By:_____/s/_____
David A. Kettel
Attorneys for Defendant RAMIN BIBIAN

Dated:  November 29, 2012         MELINDA HAAG
United States Attorney


By:_____/s/_____
Susan Knight
Assistant United States Attorney


### [PROPOSED] ORDER

For good cause shown, the Court HEREBY ORDERS that the change of plea hearing be continued from December 4, 2012 to December 11, 2012, and that the time from December 4, 2012 is excluded under the Speedy Trial Act.  The Court finds, based upon the aforementioned stipulated facts, that the ends of justice served by granting the requested continuance outweigh the best interest of the public and defendant RAMIN BIBIAN in a speedy trial.  The failure to grant the requested continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a

miscarriage of justice. The Court therefore concludes that this exclusion of time should be made under 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv).

IT IS SO ORDERED.

Dated: 11/29/12

_____
RICHARD SEEBORG
United States District Judge